UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ALAN DANIELS, JR.,

PLAINTIFF,

V. CASE NO.

MEDCO DATA, LLC;
DANIEL EDWARD RODGERS
(INDIVIDUALLY); AND
ROLANDO GIZ (INDIVIDUALLY)

DEFENDANTS.
_________________________________/

## COMPLAINT

Plaintiff DONALD ALAN DANIELS, JR., by and through his undersigned counsel, brings this action against Defendants MEDCO DATA, LLC, A FLORIDA LIMITED LIABILITY COMPANY, (MedCo"); DANIEL EDWARD ROGERS ("Defendant Rogers"), and ROLANDO GIZ ("Defendant Giz" or Collectively "Defendants"), and alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges that he is entitled to unpaid overtime premium compensation for overtime hours works.

2. Plaintiff served as a Senior Systems Administrator for MedCo.

3. Defendant Giz is the Vice-President of Sales and Operations for Medco.

4. Defendant Rodgers is the Chief Executive Officer of MedCo Data.

## **FACTS**

5. MedCo provides IT support, data security, and VOIP phone services to medical practices.

6. In 2013, Plaintiff began working for MedCo as a W-2 employee.

7. On or around April 1, 2013, Plaintiff signed an Employment Agreement.

8. At the time of executing the Employment Agreement, Plaintiff's job title was Healthcare Information Technology Specialist.

9. In January 2019, Plaintiff ended his employment with MedCo.

10. Thereafter, Plaintiff returned to MedCo as an independent contractor.

11. On or around January 26, 2020, MedCo converted Plaintiff from an independent contractor to a W-2 employee as a Senior Systems Administrator.

12. At no time did Plaintiff sign a new Employment Agreement.

13. As a Senior Systems Administrator, Plaintiff's primary job duties included installation of hardware and software, rollout of new equipment, and troubleshooting for customers.

14. At no time did Plaintiff's primary duties involve designing, developing, or modifying computer systems or programs.

15. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks.

16. Plaintiff was classified as an exempt employee and paid a salary.

17. On or around April 23, 2024, Plaintiff terminated his employment with MedCo.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

19. Defendants are subject to personal jurisdiction in the Middle District of Florida.

20. Defendant Giz is an individual who, upon information and belief, resides in Pinellas County, Florida.

21. Defendant Rodgers is an individual who, upon information and belief, resides in Pinellas County, Florida.

22. MedCo is a Florida limited liability company with its principal place of business in Clearwater, Pinellas county, Florida.

23. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed by

Defendants in this District and a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

24. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendant maintains and transacts business in this District and the events giving rise to Plaintiff's claims occurred in this judicial district.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**(Misclassification and Unpaid Overtime)**

**29 U.S.C. § 201, et seq.**

25. Plaintiff re-alleges the allegations set forth in Paragraphs 1-15 above and incorporates same herein by reference.

26. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and/or Plaintiff was individually engaged in commerce or in the production of goods for commerce.

27. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

28. At all relevant times to this Complaint, Plaintiff was classified as an exempt employee and paid a salary.

29. Plaintiff's designation as an exempt employee actor did not accurately reflect his job duties.

30. Plaintiff's job duties primarily consisted of troubleshooting support for customers, rolling out new equipment, and installing customer hardware and software.

31. At no time did Plaintiff design, develop, or modify computer systems or programs.

32. During Plaintiff's employment, Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks.

33. Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA.

34. The FLSA required Defendant to compensate Plaintiff at a rate of not less than one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. See 29 U.S.C. § 207(a).

35. Despite Plaintiff working more than forty (40) hours during one or more workweeks, Defendant failed and/or refused to pay Plaintiff the overtime compensation required by the FLSA.

36. Defendant knew or should have known that Plaintiff worked hours for which he was not properly compensated.

37. By improperly classifying Plaintiff as an exempt employee, Defendant failed to pay Plaintiff overtime compensation to which he was entitled as an employee under the FLSA.

38. Defendant's failure to properly compensate Plaintiff violated the overtime provisions of the FLSA, including 29 U.S.C. § 207.

39. Defendant's violations of the FLSA were willful because Defendant knew, or showed reckless disregard for whether, Plaintiff was properly classified and whether its compensation practices complied with the FLSA.

40. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages consisting of unpaid overtime compensation in an amount to be proven at trial.

41. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA.

**WHEREFORE**

Plaintiff respectfully requests that judgment be entered in's favor and against Defendant for:

a. All unpaid overtime compensation due under the FLSA;

b. An equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Reasonable attorneys' fees and costs;

d. Prejudgment and post-judgment interest to the extent permitted by law; and

e. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this 22nd day of September, 2026

Respectfully submitted,
SPIRE LAW, PLLC
400 Fontana Circle #105
Oviedo, FL 32765

By: *<u>/s/ Jesse I. Unruh</u>*
Jesse I. Unruh, Esq.
Florida Bar No. 93121
By: *<u>/s/ Monica Monsalve-Burr</u>*
Monica Monsalve-Burr
Florida Bar No. 1031295
jesse@spirelawfirm.com
monica@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Plaintiff*